## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER KING, No. 32825-044, | ) ) ) | |
| Petitioner, | ) ) | |
| | ) | CIVIL NO. 10-cv-879-DRH |
| vs. | ) ) | |
| J. CROSS, WARDEN, | ) ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the federal correctional institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence that was imposed after his December 21, 2006, conviction in the Eastern District of Missouri. (No. 4:06-cr-110-JCH). Petitioner pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), and was sentenced to 188 months' imprisonment. Petitioner's sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on the trial court's finding that he had three prior qualifying offenses.

Petitioner did not take a direct appeal from the firearm conviction. However, on November 29, 2007, he filed a motion under 28 U.S.C. § 2255. (E.D.

Mo. No. 4:07-cv-1987-JCH). In that motion, petitioner argued that his trial

counsel was ineffective for (1) failing to argue that the ACCA should not have been

used to enhance his sentence as it was not included in his indictment, and (2)

failing to argue that the ACCA enhancement violated his plea agreement. The

sentencing court rejected those arguments, dismissing the motion with prejudice

on July 31, 2008, and noting that no certificate of appealability would be issued.

(Doc. 7, No. 4:07-cv-1987). Petitioner now claims that based on the April 16,

2008, ruling in *Begay v. U.S.*, he is actually innocent of the ACCA enhancement

because one of his three prior convictions did not qualify as a predicate offense

under the *Begay* court's analysis. *Begay v. U.S.*, 553 U.S. 137 (2008) (holding

that the felony offense of driving under the influence of alcohol is not a violent

felony within the meaning of the ACCA). Petitioner asserts that in light of *Begay*,

his 1998 Ohio conviction for fourth degree aggravated assault does not fit the

definition of a "violent felony" in the ACCA, and therefore should not have been

used to enhance his sentence. He urges this Court to grant relief because, as the

*Begay* case was not decided until after the expiration of petitioner's deadline to

file his original § 2255 motion, he could not have raised the *Begay* argument in

that proceeding.

   As shall be explained below, the Court finds that petitioner's claim is one of

the few cases where § 2255 does not provide an adequate remedy, and meaningful

review can only be available via a petition filed under § 2241. Therefore, the

respondent shall be directed to answer the petition. Nothing in this order,

however, should be construed as an opinion on the merits of petitioner's claim.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. See also *Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

An inmate who has had the opportunity for one round of review under § 2255 may only file a second or successive § 2255 motion by first obtaining leave by certification of the appropriate court of appeals that his motion meets one of the listed criteria. 28 U.S.C. § 2255(h). This limitation alone does not render § 2255 an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (finding that § 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a

convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Here, petitioner is not claiming that he is actually innocent of the 1998 Ohio aggravated assault charge, or of the federal firearm charge to which he pled guilty. However, he argues that he is "actually innocent" of being an armed career criminal within the meaning of the ACCA, because, under the analysis outlined by the *Begay* court, he has not been convicted of three prior violent felonies as the ACCA defines them. Bearing in mind the Seventh Circuit's recent criticism of this Court's reasoning that an identical claim (of "innocence" of being an armed career criminal) was not a "fundamental defect" requiring correction under § 2241, petitioner's claim is entitled to further review. *See Harris v. Hollingsworth*, No. 10-3494, slip op. at 2 (7th Cir. March 11, 2011) ("[W]e recently characterized the distinction between crimes and sentencing enhancements as 'one of degree, not one of kind[,]'" referring to *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010)).

The *Begay* decision challenged the broad coverage of the language in 18 U.S.C. § 924(e)(2)(B)(ii), making a "violent felony" any crime which involved

"burglary, arson, extortion, or crimes involving the use of explosives," and stated

that had Congress meant for the language to be all-encompassing, it would not

have included these intentional crimes in the definition.  *Begay*, 553 U.S. at 142.

Following the *Begay* opinion, courts have had to evaluate whether various crimes

should or should not be considered "violent felonies" within the meaning of the

ACCA, and thus whether they should subject a defendant to the ACCA's enhanced

sentencing provisions.  See*, e.g., United States v. Sykes*, 598 F.3d 334 (7th Cir.

2010) (finding an Indiana conviction for fleeing police in a vehicle is a "violent

felony" under ACCA); *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009)

(finding an Illinois involuntary manslaughter conviction is not a "violent felony"

under ACCA).

Notably, the Seventh Circuit recently held (on May 4, 2010) that the *Begay*

rule is retroactively applicable to cases on collateral review.  *Welch v. U.S.*, 604

F.3d 408, 415 (7th Cir. 2010).  However, in this circuit's reading of the statute

governing § 2255 motions, a retroactivity decision rendered by any court other

than the Supreme Court only applies to cases on *initial* collateral review.  *Ashley*

*v. United States*, 266 F.3d 671, 674-75 (7th Cir. 2001).  The *Ashley* court held

that any district court, court of appeals, or the Supreme Court can render a

decision holding that a right newly recognized by the Supreme Court is

retroactively applicable to cases on collateral review on an initial § 2255 motion,

thus beginning the one-year limitations period for filing a § 2255 motion under the

Antiterrorism and Effective Death Penalty Act (AEDPA).  *Ashley*, 266 F.3d at 674

(*Ashley* refers to motions filed under § 2255 ¶ 6(3), which is now found under § 2255(f)(3)).  However, a second or successive petition filed under ¶ 8(2) [now (h)(2)] of § 2255 can only be authorized where the Supreme Court itself made the new rule retroactive on collateral review.  *Id.* at 674-75; 28 U.S.C. § 2255(h)(2) (second or successive motion must be certified to contain "a new rule of constitutional law; made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

In petitioner's case, he has already had his initial § 2255 motion heard and rejected by the district court, and could only obtain collateral review of his *Begay* argument under § 2255  if the Eighth Circuit were to allow him to file a second § 2255 action in the court where he was convicted.  In the Seventh Circuit's view, unless the Supreme Court has itself held that *Begay* is retroactively applicable to cases on collateral review (which to date it has not done), an appellate court has no authority to grant such a request under § 2255(h)(2).  *Ashley*, 266 F.3d at 673.  Therefore, it appears that petitioner has indeed raised an "actual innocence" claim that § 2255 is procedurally inadequate to address.  *See Davenport*, 147 F.3d at 610-12 (allowing prisoner (Nichols) to proceed under § 2241 where change in law came after first § 2255 motion had been denied and Supreme Court had not made new constitutional rule retroactive so as to allow a second § 2255 motion to be certified).

Accordingly, the respondent shall answer the petition.

**IT IS HEREBY ORDERED** that respondent shall, within **23 days** of receipt

of this petition for writ of habeas corpus, answer and show cause why the writ should not issue.  Service of the petition and this memorandum and order upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

IT IS FURTHER ORDERED that petitioner shall serve upon respondent (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Petitioner shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on respondent or defense counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

IT IS FURTHER ORDERED that pursuant to Local Rule 72.1(a)(2), this cause is REFERRED to a United States Magistrate Judge for further pre-trial proceedings.

IT IS FURTHER ORDERED that this entire matter be REFERRED to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is ADVISED of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his address during the pendency

of this action; the Court will not independently investigate his whereabouts. This notification shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:** April 28, 2011

Digitally signed by David R. Herndon
Date: 2011.04.28 10:09:18 -05'00'

**Chief Judge
United States District Court**