# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER KING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: **3:10-cv-00879-DRH-PMF** ) |
| J CROSS | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier from Chief United States District Judge J. Phil Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation.

Before the Court is petitioner Christopher King's petition for a writ of habeas corpus (Docs. 1, 10). Respondent J Cross has filed a response (Doc. 11) to the writ, and the petitioner has filed a reply (Doc. 14). For the following reasons, it is **RECOMMENDED** that the petitioner's writ of habeas corpus (Docs. 1, 10) be **DENIED**.

## BACKGROUND

On December 2, 2006, the petitioner, Christopher King, was sentenced in the Eastern District of Missouri (Case No. 4:06-cr-110-JCH) for pleading guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The petitioner's sentence was enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), ("ACCA enhancement"). After applying the ACCA enhancement, the petitioner was sentenced to a total of 188 months imprisonment. In order to qualify for the ACCA enhancement, the petitioner was required to have three or more predicate offenses. The petitioner does not dispute that he had two valid

1

predicate offenses. However, the petitioner does dispute that one of the three predicate offenses for the ACCA enhancement is a valid predicate offense. Specifically, the petitioner argues that his February 25, 1998 conviction in Richland County, Ohio of Aggravated Assault in the Fourth Degree (OH ST § 2903.12) is not a "violent felony" under the ACCA enhancement.

The petitioner has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In its memorandum and order dated April 28, 2011, the Court found that the petitioner's claim is one of the few types of cases where 28 U.S.C. § 2255 does not provide an adequate remedy, and meaningful review can only be available via petition filed under Section 2241. *See* Doc. 6.

## **DISCUSSION**

The petitioner's writ of habeas corpus turns on an issue of statutory interpretation. Because this is a question of law (and not of fact), an evidentiary hearing in this case is not warranted. The petitioner first argues that the ACCA enhancement should not be applied to his sentence in light of *Begay v. United States*, 553 U.S. 137 (2008), a U.S. Supreme Court decision that provided a statutory interpretation framework for the meaning of a "violent felony" in the ACCA enhancement. In *Begay*, the U.S. Supreme Court ruled that a New Mexico felony offense of driving under the influence of alcohol ("DUI") did not meet the statutory definition of a "violent felony." *See Begay*, 553 U.S. at 141. Most notably, however, the *Begay* decision was limited in scope to analyzing whether the New Mexico DUI statute satisfied the second subpart of the definition of "violent felony" in the ACCA enhancement. *See id*. Here, it is apparent that, unlike the statutory provision discussed in *Begay* and other decisions the petitioner would like

the Court to consider,[1] the petitioner's 1998 conviction for Aggravated Assault must be analyzed under the first subpart of the definition of "violent felony" in the ACCA enhancement.

The statutory language of the ACCA enhancement provides:

§ 924. Penalties
…
(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
(2) As used in this subsection--
(A) the term "serious drug offense" means …
(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
(i) has as an element [of] the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
(C) the term "conviction" includes …

18 U.S.C.A. § 924(e)(1) (West 2006).

Thus, the definition of "violent felony" in the ACCA enhancement has one main part (§ 924(e)(2)(B)) and two subparts (§ 924(e)(2)(B)(i), § 924(e)(2)(B)(ii)). *Id.* The two subparts are not dependent on one another because they are separated by an "or" rather than an "and". *Id.* Therefore, in determining whether or not a predicate offense meets the definition of a "violent

---

[1] In addition to Begay, petitioner cites *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010), a Seventh Circuit decision that discussed whether or not an Illinois vehicular fleeing statute met the second part of the definition of "violent felony" under the ACCA enhancement.

3

felony" in the ACCA enhancement, the predicate offense must satisfy the main part and either subpart (i) or (ii) (i.e. § 924(e)(2)(B)(i) or § 924(e)(2)(B)(ii)).[2] *See id.*

Next, the statutory language of the Ohio criminal statute that the petitioner is arguing does not fit into the definition of "violent felony" in the ACCA enhancement provides:

> 2903.12 AGGRAVATED ASSAULT
> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
> (1) Cause serious physical harm to another or to another's unborn;
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
> (B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, aggravated assault is a felony of the third degree.

OH ST § 2903.12 (West 1997).

### A. **18 U.S.C. § 924(e)(2)(B)(ii)**

It is the position of the petitioner that the *Begay* decision requires the Court to analyze whether or not his 1998 Fourth Degree Aggravated Assault conviction fits into the definition of "violent felony" in the ACCA enhancement. However, as the Court noted *supra*, the *Begay* decision was limited in scope in analyzing whether the New Mexico DUI statute met the second subpart of the definition of "violent felony" in the ACCA enhancement. *See Begay*, 553 U.S. at 141. Here, the *Begay* analysis does not apply because the petitioner's 1998 conviction of Section

---

[2] The petitioner makes a statutory construction argument that the two subparts are only applicable to the juvenile delinquency language in the main part of the definition of "violent felony" under the ACCA enhancement. *See* Doc. 14 at 8. A cursory plain language reading of 18 U.S.C. § 924(e)(2)(B) illustrates that the petitioner's stated assertion is far from logical. If the Court were to interpret the statute as petitioner suggests, the applicable definition of "violent felony" in this case would be shortened to "any crime punishable by imprisonment for a term exceeding one year." This is surely not the result the petitioner is looking for.

2903.12 of the Ohio Statutes must be analyzed under the first subpart of the definition of "violent felony" in the ACCA enhancement. The U.S. Supreme Court decision in *Begay* acknowledged that if predicate offense in question falls within the scope of the first subpart, the second subpart does not apply. *See id*. ("We also take as a given that DUI does not fall within the scope of the Act's clause (i) "violent felony" definition. DUI, as New Mexico defines it, nowhere "has as an element [of] the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i)."). Here, unlike the New Mexico DUI provision, Section 2903.12 of the Ohio Statutes seemingly "has as an element [of] the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *see also* OH ST § 2903.12(a)(1)-(2). In sum, the petitioner's reliance on *Begay* and other decisions following *Begay* is misguided, and the Court must determine whether or not Section 2903.12 of the Ohio Statutes satisfies the first subpart of the definition of "violent felony" in the ACCA enhancement.

### B. 18 U.S.C. § 924(e)(2)(B)(i)

In this case, Section 2903.12 of the Ohio Statutes meets of the definition of "violent felony" in the ACCA enhancement when the first subpart of the definition is applied. In order for the predicate offense in question to fall under the definition of "violent felony" in the ACCA enhancement when the first subpart of the definition is applied, Section 2903.12 of the Ohio Statutes will need to be a "crime punishable by imprisonment for a term exceeding one year … that (i) has as an element [of] the use, attempted use, or threatened use of physical force against the person of another …" 18 U.S.C. § 924(e)(2)(B) (statutory text relevant to juveniles only omitted). It is not disputed that Section 2903.12 of the Ohio Statutes is a crime punishable by imprisonment for a term exceeding one year. *See* OH ST § 2903.12(B). There is a dispute,

however, as to whether or not Section 2903.12 of the Ohio Statutes has as an element [of] the use, attempted use, or threatened use of physical force against the person of another.

The petitioner argues that Section 2903.12 of the Ohio Statutes does not have an element of the use, attempted use, or threatened use of physical force against the person of another. The petitioner points to another U.S. Supreme Court decision, *Johnson v. United States*, -- U.S. --, 130 S.Ct. 1265 (2010), for support of his argument. In *Johnson*, the U.S. Supreme Court found that a defendant's prior battery conviction under Florida law was not a violent felony under the ACCA enhancement because it did not have as an element the use of physical force against another person. *See Johnson*, 130 S.Ct. at 1274. In reaching its conclusion, the U.S. Supreme Court interpreted the term "physical force" in the definition of "violent felony" in the ACCA enhancement by applying its ordinary meaning. *Id*. at 1269-70. The U.S. Supreme Court determined in *Johnson* that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force-that is, force capable of causing physical pain or injury to another person." *Id*. at 1271 (citing *See Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)). Because one element of the Florida battery statute in question in *Johnson* only required "proof of only the slightest unwanted physical touch," (*id*. at 1269-70), the U.S. Supreme Court could not conclude that the Florida statute required force capable of causing physical pain or injury to another person in order to meet the definition of "violent felony" in the ACCA enhancement (*id*. at. 1270). Here, unlike the Florida battery statute in question in *Johnson*, Section 2903.12 of the Ohio Statutes can only be violated by 1) causing serious physical harm to another or to another's unborn or 2) causing or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance. OH ST § 2903.12(A)(1)-(2). As such, the Court is not persuaded by the petitioner's argument.

Furthermore, a plain language reading of the statutes in question in this case leads the Court to conclude that the type of force required to violate Section 2903.12 of the Ohio Statutes goes well beyond "violent force-that is, force capable of causing physical pain or injury to another person," as articulated in the *Johnson* decision. *See Johnson,* 130 S.Ct. at 1271. Section 2903.12 of the Ohio Statutes, by its own text, requires the offender to knowingly cause "serious physical harm" or "physical harm … by means of a … weapon …"[3] OH ST § 2903.12. There can be no doubt that the type of force required to violate Section 2903.12 of the Ohio Statutes requires the type of "physical force" contemplated by Congress when they enacted the ACCA enhancement.

C. **Criminal Intent**

Finally, the petitioner argues that the type of criminal mental state (mens rea or criminal intent) required for a violation of Section 2903.12 of the Ohio Statutes is not consistent with the type of offenses that fall within the definition of "violent felony" in the ACCA enhancement. *See* Doc. 14 at 2-4. In *Begay*, the U.S. Supreme Court contrasted strict liability crimes, such as a DUI, with the crimes listed in 18 U.S.C. § 924(e)(2)(B)(ii) that require at least some criminal intent. *See Begay*, 553 U.S. at 145-46. While the Court does not believe the analysis in *Begay* is applicable to this case,[4] the Court does not disagree with the petitioner's implied assertion that Congress likely intended that only intentional crimes be included the definition of a "violent

---

[3] In his petition for habeas corpus, the petitioner calls for the Court to use the modified categorical approach outlined by the U.S. Supreme Court in *Johnson* and *Chambers v. United States*, 555 U.S. 122 (2009), among others. *See* Doc. 14 at 7. This approach is useful when a statute prescribes several types of conduct, but only some of the conduct prescribed would meet the definition of a "violent felony" under the ACCA enhancement. Here, Section 2903.12 of the Ohio Statutes prescribes two types of conduct, and the Court has found that both types of conduct meet the definition of a "violent felony" under the ACCA enhancement. As such, the Court rejects the petitioner's request to use the modified categorical approach.

[4] *See* Part A, *supra*.

felony" in the ACCA enhancement. Specifically with regard to the mental state required in this case, Section 2903.12 of the Ohio Statutes provides:

> "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly …"

> OH ST § 2903.12(A).

The petitioner correctly points out that a violation of Section 2903.12 of the Ohio Statutes requires a lesser degree of criminal intent than other crimes due to the mitigating factors contained in the statute. However, the petitioner goes off the rails when he attempts to suggest that Section 2903.12 of the Ohio Statutes does not require any type of criminal intent or mens rea. Black's Law Dictionary defines "criminal intent" as:

> ***criminal intent.*** (17c) **1.** MENS REA. **2.** An intent to commit an actus reus without any justification, excuse, or other defense.

> BLACK'S LAW DICTIONARY (9th ed. 2009), intent.

Section 2903.12 of the Ohio Statutes requires criminal intent or mens rea. This is evident from the use of the term "knowingly" in the statute. The mitigating factors provided in that statute do not amount to a "justification, excuse, or other defense." To the contrary, if the crime was justified or excused, the petitioner would not have been convicted of that crime.

It is possible that the petitioner means that Section 2903.12 of the Ohio Statutes does not require specific intent (i.e. the type of criminal intent required to accomplish a specific result), in which case he would likely be correct. However, the petitioner has not provided persuasive support for his argument that Congress intended to include only crimes that require specific intent into the definition of a "violent felony" in the ACCA enhancement. It is true that some of

8

the crimes listed in 18 U.S.C. § 924(e)(2)(B)(ii) require specific intent (e.g. burglary, extortion). However, other crimes listed in 18 U.S.C. § 924(e)(2)(B)(ii) would not necessarily require specific intent (e.g. arson, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another). As such, the Court is not persuaded by the petitioner's argument.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the petitioner's writ of habeas corpus (Docs. 1, 10) be **DENIED**.

**SO RECOMMENDED.**

**DATED: August 15, 2011.**


*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**