IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**CHRISTOPHER KING,**

    Petitioner,

v.                                                      No. 10-cv-879-DRH

**J CROSS,**

    Respondent.


## MEMORANDUM AND ORDER


**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is a Report and Recommendation (R&R) (Doc. 19) Magistrate Judge Frazier issued pursuant to 28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b), and SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 72.1(a). Magistrate Judge Frazier recommends denial of petitioner Christopher King's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 15, 2011, the R&R was sent to the parties, with a notice informing them of their right to appeal through the filing of objections within

fourteen days of service (Doc. 19-1). As petitioner filed timely objections (Doc. 24),[1] the Court must undertake *de novo* review of the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Govas v. Chalmers*, 965 F.2d 298. 301 (7th Cir. 1992). The Court may "accept, reject, or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999) (citing FED. R. CIV. P. 72(b)). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which the parties make specific objections. *Id.* However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Instead, the Court can simply adopt these findings. For the reasons discussed herein, the Court **ADOPTS** the findings and recommendations of the R&R.

## II. Background

On December 21, 2006, petitioner received a sentence of 188 months in the Eastern District of Missouri. Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Petitioner received an enhanced sentence under the Armed Career Criminal Act (ACCA enhancement), 18 U.S.C. § 924(e)(1).

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on November 4, 2010 (Doc. 1).On April 28, 2011, the Court held petitioner's claim

---

[1] The Court notes objections to the R&R were originally due August 29, 2011. Petitioner requested and received an extension of October 3, 2011, to file objections (Doc. 23). However, this extension proved unnecessary as petitioner filed his objections on August 26, 2011 (Doc. 24).

one of a few cases where 28 U.S.C. § 2255 does not provide an adequate remedy. Thus, the Court held only 28 U.S.C. § 2241 provides meaningful review of petitioner's claim (*See* Doc. 6). Petitioner filed an amended petition on May 6, 2011 (Doc. 10). Respondent replied to petitioner's claim on May 19, 2011 (Doc. 11). Petitioner replied to respondent's response on June 6, 2011 (Doc. 14).

The ACCA enhancement serves as the basis for petitioner's habeas petition (*See* Doc. 10-1). Petitioner argues he does not qualify for an ACCA enhancement. To qualify for an ACCA enhancement, petitioner must have possessed three or more predicate offenses; instantly, "violent felonies" as defined under the ACCA. Petitioner does not dispute his possession of two valid predicate offenses. However, petitioner does dispute inclusion of his 1998 Ohio conviction for aggravated assault in the fourth degree. *See* Ohio Rev. Code § 2903.12. Specifically, petitioner argues *Begay v. United States*, 553 U.S. 137 (2008), holds the disputed offense does not qualify as a "violent felony" under the ACCA enhancement. Petitioner further contends the criminal mental state the Ohio aggravated assault statue requires is inconsistent with the *mens rea* requirement of offenses included within the definition of "violent felony" in the ACCA enhancement.

In response, respondent argues the aggravated assault statute at issue qualifies as a "violent felony" under the ACCA enhancement as it requires a defendant "knowingly cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance" (Doc. 11, p. 3). Further, respondent argues

*Begay's* holding inapplicable to the case at hand, as *Begay* construed the meaning of "violent felony" under 18 U.S.C. § 924(e)(2)(A)(ii), whereas 18 U.S.C. § 924(e)(2)(A)(i), is instantly at issue (Doc. 11, pp. 3-4). As respondent argues petitioner's aggravated assault conviction constitutes a "violent felony" under Section 924(e)(2)(A)(i), he further contends the district court properly considered it in enhancing petitioner's sentence under the ACCA.

In agreeing with respondent, the R&R held *Begay* inapplicable to the instant case. Specifically, the R&R found the aggravated assault statute qualifies as a "violent felony" under Section 924(e)(2)(A)(i), as it requires the offender to knowingly cause "serious physical harm" or "physical harm . . . by means of a . . . weapon" (Doc. 19, p. 7) (citing OHIO REV. CODE § 2903.12). Further, the R&R found that as the aggravated assault statute requires criminal intent, as the element "knowingly" evidences, the sentencing court properly construed it as a "violent felony" under the ACCA enhancement. Thus, the R&R recommends that the sentencing court properly considered the Ohio aggravated assault conviction in applying the ACCA enhancement.

### III. Discussion

Petitioner makes numerous repetitive objections to the R&R. For the sake of brevity and clarity, the Court construes petitioner's objections as follows:

1. Petitioner objects to the R&R's finding that the Ohio aggravated assault statute constitutes a "violent felony" pursuant to the ACCA enhancement. Specifically, petitioner contends *Begay* holds only "specific intent"

offenses are eligible as predicate offenses under the ACCA enhancement. As petitioner contends the element of "serious provocation" removes the requisite *mens rea Begay* allegedly necessitates, the Ohio aggravated assault statute is not eligible for inclusion under the ACCA enhancement (*See* Doc. 24) (citing Doc. 19, pp. 2-5, 7).

2. Petitioner also makes a statutory construction argument, objecting to the R&R's finding that subparts (i) and (ii) of 18 U.S.C. § 924(e)(2)(B) are not solely applicable to the juvenile delinquency language found in the ACCA's definition of "violent felony." Petitioner contends his reading of the statute renders it unconstitutional as overbroad (Doc. 24, pp. 5-6) (citing Doc. 19, p. 4 n. 2).

The Court will address each objection, conducting a *de novo* review of the pertinent issues.

### 1. The Ohio Aggravated Assault Statute Constitutes a "Violent Felony" under the ACCA Enhancement

Petitioner objects to the R&R's finding that *Begay's* holding is limited in scope to analyzing whether New Mexico's DUI statute constitutes a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(ii). As the R&R found the Ohio aggravated assault statute constitutes a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(i), it accordingly held *Begay* inapplicable to the case at hand. Petitioner argues *Begay* held a prior conviction must involve "purposeful conduct" whether analyzing its status as a "violent felony" under 18 U.S.C. §

924(e)(2)(B)(i) or (ii). Petitioner contends *Begay's* use of the term "purposeful" denotes only "specific intent" crimes warrant inclusion under the ACCA. Petitioner construes the "knowingly" element of the Ohio aggravated assault statute as encompassing non-purposeful conduct due to the additional element of "serious provocation." The Court finds the Ohio aggravated assault statute clearly constitutes a "violent felony" under the ACCA enhancement in light of the Application Notes to the Sentencing Guidelines, *Begay*, and other relevant case law.

### i. Legal Standards

#### a. Ohio Aggravated Assault Statute

The Ohio aggravated assault statute at issues states,

(A) No person, while under the influence of a sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
(1) Cause serious physical harm to another or to another's unborn;
(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

OHIO REV. CODE § 2903.12.

#### b. ACCA Enhancement

Under the ACCA, 18 U.S.C. § 924(e)(1), a defendant, such as petitioner, convicted under 18 U.S.C. § 922(g)(1), as a felon in possession of a firearm and who has three previous convictions for a violent felony or serious drug offense, receives a mandatory minimum fifteen year prison sentence. Section 924(e)(2)(B) of the ACCA defines "violent felony" as any felony that "(i) has as an element the

use, attempted use, or threatened use of physical force against the person of another," or "(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Subpart (ii) is commonly referred to as the "residual clause" of the ACCA.

Generally, in making a career offender determination, a sentencing court cannot look to the particular facts of the conviction. The sentencing court is required to take a categorical approach, limiting its consideration to the fact of conviction and the statutory elements of the offense. *See Shepard v. United States,* 544 U.S. 13, 17 (2005) (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990)). Only "[w]hen a statute encompasses multiple categories of offense conduct," some violent and some non-violent, may the court expand its "inquiry into a *limited* range of additional material . . . *'only to determine which part of the statute the defendant violated.'"United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009) (citing *United States v. Howell*, 531 F.3d 621, 623 (8th Cir. 2008); *United States v. Mathews*, 453 F.3d 830, 834 (7th Cir. 2006)).

Implicitly, petitioner argues the specific facts underlying his conviction require the Court to hold it is not a "violent felony" under the ACCA (*See* Doc. 10-1, p. 3) (stating, "[p]etitioner's Ohio case involved a domestic dispute in which the neighbors called the law because of yelling . . . [t]here was no weapon or explosives nor did [p]etitioner burn down the house or or [sic] extort anyone"). The Court finds the Ohio aggravated assault statute is not divisible, as it does not

describe multiple categories of offense conduct. Thus, in determining whether the Ohio aggravated assault statute qualifies as a "violent felony" pursuant to the ACCA, the Court limits its analysis to the fact of conviction and the elements of the offense.

### c. Sentencing Guidelines

Although the ACCA enhancement is instantly at issue, the Seventh Circuit has noted that as the ACCA "violent felony" provision and the Guidelines' career offender "crime of violence" provision are nearly identical, the same interpretation applies. *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008); *see also United States v. Spells*, 537 F.3d 743, 749 n. 1 (7th Cir. 2008). Thus, U.S.S.G. § 4B1.1, the career offender "crime of violence" provision, provides relevant insight.

Section 4B1.2(a) defines "crime of violence" as any felony that, "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Further, Application Note 1 to Section 4B1.2 states, "'crime of violence' includes . . . aggravated assault." U.S.S.G. § 4B1.2, Application Note 1.Although relevant to the Court's finding that the Ohio aggravated assault statute is a "violent felony" under the ACCA, the label a state attaches to a certain crime cannot conclusively establish whether it is a "crime of violence" or "violent felony." *See United States v. Ossana*, 638 F.3d 895, 899 (8th Cir. 2011) (citing *Taylor*, 495 U.S. at 598). Thus, further inquiry is required.

### d. Relevant Case Law

#### i. *United States v. Calloway*

The R&R held the Ohio aggravated assault statute constitutes a "violent felony" pursuant to Section 924(e)(2)(A)(i). Thus, it found *Begay* inapplicable to the instant dispute. Although the Court finds the R&R reached the correct result, as the statute at issue clearly constitutes a "violent felony" under the ACCA, it is not entirely clear the Ohio aggravated assault statute requires analysis under Section 924(e)(2)(A)(i).

In an unpublished opinion, the Sixth Circuit has held the Ohio aggravated assault statute constitutes a predicate "crime of violence" pursuant to the career offenderprovision of U.S.S.G. § 4B1.2(a)(1). *United States v. Calloway*, 189 Fed. Appx.486, 491 (6th Cir. 2006) (citing OHIO REV. CODE § 2903.12). In *Calloway*, the defendant argued aggravated assault as defined in Ohio did not qualify as a predicate "crime of violence" as "a defendant may cause physical harm without the use, attempted use or threatened use of physical force,"Section 4B1.2(a)(1) requires.*Id.* Without commenting on the correctness of this statement, the court held the defendant's argument was "without merit," as the statute clearly constitutes a crime of violence as "causing or attempting to cause physical harm presents a serious risk of physical injury" under Section 4B1.2(a)(2), the equivalent to the ACCA's residual clause. *Id.* Further, as this Court previously

stated, *Callaway* noted Application Note 1 to Section 4B1.2 lists aggravated assault as a crime of violence. *Id.* Thus, the Sixth Circuit held theOhio aggravated assault statute clearly constitutes a "violent felony" under the ACCA. *Id.*

### ii. *Begay's* Holding

As the Supreme Court decided *Begay* after the Sixth Circuit decided *Calloway*, discussion of *Begay* is relevant. Petitioner argues *Begay* held only specific intent crimes are eligible as predicate offenses under the ACCA enhancement. Petitionermischaracterizes *Begay's* holding. In construing the ACCA residual clause, the Supreme Court held in *Begay,* that driving under the influence of alcohol is not a "violent felony." *See Begay*, 553 U.S. at 148. The *Begay* Court explained the crimes listed in the residual clause limit its scope "to crimes that are roughly similar, in kind as well as in degree of risk posed," to the listed crimes as "all typically involve purposeful, 'violent,' and 'aggressive' conduct." *Id.* at 144-45. As DUI differs from these example crimes, as it typically does not involve "purposeful, violent, and aggressive conduct," the DUI offense at issue did not qualify as a "violent felony" pursuant to the residual clause. *Id.*

*Begay* held the lack of "purposeful, violent, and aggressive conduct" associated with DUI warrants it exclusion as a "violent felony." *Id.* However, the Supreme Court has recently reiterated statutes containing a stringent *mens rea* requirement, such as the element "knowingly" evidences, can clearly constitute "violent felonies" pursuant to the residual clause, provided the offense presents "a serious potential risk of physical injury to another," similar in type to the

enumerated offenses. *See Sykes v. United States*, 131 S. Ct. 2267, 2276 (2011). *Sykes* determined an Indiana statute criminalizing "a knowing attempt to escape law enforcement" constitutes a "violent felony" under the ACCA. *Id.* (citing IND. CODE § 35-44-3-3(b)(1)(A)). The *Sykes* Court delineated crimes involving "strict liability, negligence, and recklessness," such as the DUI statute at issue in *Begay*, from crimes involving "purposeful, violent, and aggressive" conduct, such as the offense of "a knowing attempt to escape law enforcement." *Id.* Thus, *Sykes* reiterated that offenses containing the statutory *mens rea* of "knowledge" can clearly describe conduct that is "purposeful, violent, and aggressive;" thus, a violent felony under the residual clause, assuming the offense is similar in degree of risk posed as to the crimes specifically listed. *Id.*

Petitioner contends the Ohio aggravated assault statute does not qualify as a violent felony as *Begay* held only "specific intent" crimes are eligible as predicate offenses under the ACCA. It appears petitioner confuses *Begay's* reference to "purposeful" conduct with the meaning of "specific intent." At common law, courts classified offenses as requiring "general intent" or "specific intent." *See United States. v. Bailey*, 444 U.S. 394, 403 (1980). However, the confusion associated with these terms gradually lead to the alternative analysis of *mens rea*, delineating the hierarchy of mental states according to culpability as "purpose, knowledge, recklessness, and negligence." *See id.* at 403-04 (citing MODEL PENAL CODE § 2.02). In *Bailey,* the Supreme Court explained, "'purpose'

corresponds loosely with the common-law concept of specific intent, while 'knowledge' corresponds loosely with the concept of general intent." *Id.* at 405.

However, the *Begay* Court did not analyze the scope of offenses covered within the residual clause of the ACCA in terms of specific or general intent crimes. As *Sykes* explained, *Begay* delineates crimes involving "strict-liability, negligence, and recklessness," such as DUI, from crimes involving "purposeful or deliberate" conduct. *Sykes*, 131 S. Ct. at 2275 (citing *Begay*, 553 U.S. at 145). Thus, offenses requiring the *mens rea* of "knowledge" clearly require a higher culpability than offenses requiring "strict-liability, negligence, and recklessness." As such, provided the offense describes conduct posing a degree of risk similar to the enumerated offenses of the residual clause, an offense possessing the *mens rea* of "knowledge" qualifies as a "violent felony."*Id.* at 2276.

### iii. Cases Holding Aggravated Assault Does not Constitute a "Violent Felony"are Inapplicable

Federal courts have held aggravated assault does not constitute a "violent felony" under the ACCA or "crime of violence" under the Guidelines. *See United States v. Ossana*, 638 F.3d 895, 904 (8th Cir. 2011); *United States v. McFalls*, 592 F.3d 707, 716-17 (6th Cir. 2010). Petitioner cites to these cases as authority for his proposition that the Ohio aggravated assault statute does notqualify as a "violent felony" under the ACCA.

However, the aggravated assault statutes at issue in *Ossana* and *McFalls* contemplated reckless conduct; the Ohio statute does not. In *Ossana,* the Arizona aggravated assault statute at issue, ARIZ. REV. STAT. § 13-1204, required

proof of a violation of ARIZ. REV. STAT. § 13-1203, the underlying simple assault statute. *Ossana*, 638 F.3d at 900. Any degree of contact could violate the Arizona simple assault statute as it encompassed "[k]nowingly touching another person with the intent to . . . insult or provoke such person." *Id.* As such, the court held the conduct described did not constitute "violent force." Further, as conviction under Arizona's simple assault statute was possible based on mere recklessness, *Ossana* held the Arizona aggravated assault statute does not constitute a "crime of violence" pursuant to the career offender provision of the Guidelines. *Id.* at 904.

Similarly to *Ossana*, in *McFalls*, the Sixth Circuit held a South Carolina common law crime, assault and battery of a high and aggravated nature, does not qualify as a "violent felony." *McFalls*, 592 F.3d at 716-17. The court based its reasoning on the statute's lack of defined mental state. Moreover, as South Carolina courts had upheld convictions under the statute for reckless behavior, the court held it does not qualify as a "violent felony" pursuant to *Begay. McFalls*, 592 F.3d at 716-17.

The Ohio aggravated assault statute describes intentional conduct. *See United States v. Esparza-Herrera*, No. CR-06-219, 2007 WL 4125785, at *5 (D. Idaho Nov. 16, 2007) (citing Ohio as one of thirty-one states holding recklessness insufficient to support a charge of aggravated assault); *see also State of Ohio v. Murnahan*, No. CA 1824, 1980 WL 354050, at *7 (Ohio App. 5th Dist. Apr. 30, 1980) (stating, felonious assault, OHIO REV. STAT. § 2903.11, and aggravated assault, OHIO REV. STAT. § 2903.12, describe acts done *knowingly and*

*intentionally*). Thus, the holdings of *Ossana* and *McFalls* are inapplicable to the Court's determination.

### ii. Application

The Ohio aggravated assault statute is clearly a "violent felony" under the ACCA enhancement. The relevant Application Note to the Guidelines lists aggravated assault as a "crime of violence." Although this is not determinative to the Court's decision, it is relevant. *Calloway* alludes Ohio's aggravated assault statute requires analysis under the residual clause of the ACCA. Without commenting on the correctness of this assertion, as it appears to the Court OHIO REV. CODE § 2903.12 "has as an element the use, attempted use, or threatened use of physical force against the person of another," it clearly constitutes a "violent felony" pursuant to the residual clause.

OHIO REV. CODE § 2903.12 states, no person "shall knowingly . . . [c]ause serious physical harm to another or to another's unborn" or "[c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." As *Calloway* explained, this facially describes "conduct that presents a serious potential risk of physical injury to another," pursuant to the residual clause of the ACCA enhancement.

The mitigating element of "serious provocation" does not dictate a different result. It merely mitigates felonious assault, OHIO REV. STAT. § 2903.11, to aggravated assault, OHIO REV. STAT. § 2903.12. Contrary to petitioner's assertion, the mitigating factor of "serious provocation" does not eliminate the requirement

*intentionally*). Thus, the holdings of *Ossana* and *McFalls* are inapplicable to the Court's determination.

### ii. Application

The Ohio aggravated assault statute is clearly a "violent felony" under the ACCA enhancement. The relevant Application Note to the Guidelines lists aggravated assault as a "crime of violence." Although this is not determinative to the Court's decision, it is relevant. *Calloway* alludes Ohio's aggravated assault statute requires analysis under the residual clause of the ACCA. Without commenting on the correctness of this assertion, as it appears to the Court OHIO REV. CODE § 2903.12 "has as an element the use, attempted use, or threatened use of physical force against the person of another," it clearly constitutes a "violent felony" pursuant to the residual clause.

OHIO REV. CODE § 2903.12 states, no person "shall knowingly . . . [c]ause serious physical harm to another or to another's unborn" or "[c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." As *Calloway* explained, this facially describes "conduct that presents a serious potential risk of physical injury to another," pursuant to the residual clause of the ACCA enhancement.

The mitigating element of "serious provocation" does not dictate a different result. It merely mitigates felonious assault, OHIO REV. STAT. § 2903.11, to aggravated assault, OHIO REV. STAT. § 2903.12. Contrary to petitioner's assertion, the mitigating factor of "serious provocation" does not eliminate the requirement

of *mens rea* from the statutory elements. The element "knowingly" unambiguously demonstrates this result. Further, the element "knowingly" clearly constitutes the type of "purposeful, violent, and aggressive" conduct *Begay* requires. As explained at length, the *mens rea* of "knowledge" describes a greater state of culpability than recklessness or negligence. Thus, the Ohio aggravated assault statute patently describes "purposeful" conduct as defined in *Begay* as it requires a mental culpability greater than recklessness or negligence. Accordingly, as the Ohio aggravated assault statute is categorically similar to the enumerated offenses of the residual clause as it describes "conduct that presents a serious potential risk of physical injury to another," it is a "violent felony" pursuant to the ACCA.*See* 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, the Court adopts the R&R's finding.

**2. Petitioner's Statutory Construction Argument is Without Merit**

Lastly, petitioner argued in his reply to respondent's response that subparts (i) and (ii) of 18 U.S.C. § 924(e)(2)(B), apply only to the juvenile delinquency language of the "violent felony" definition (Doc. 14, p. 8). The entirety of 18 U.S.C. § 924(e)(2)(B) states, "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, **or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-**"also satisfies (i) or (ii). 18 U.S.C. § 924(e)(2)(B) (emphasis added). Thus, petitioner contends the statute defines "violent felony"

merely as "any crime punishable by imprisonment for a term exceeding one year." The R&R found,

> A cursory plain language reading of 18 U.S.C. § 924(e)(2)(B) illustrates that petitioner's stated assertion is far from logical. If the Court were to interpret the statute as petitioner suggests, the applicable definition of "violent felony" in this case would be shortened to "any crime punishable by imprisonment for a term exceeding one year." This is surely not the result petitioner is looking for

(Doc. 19, p. 4 n. 2).

Petitioner revives his argument in stating in his objections to the R&R that the "Magistrate correctly interpreted [p]etitioner's argument" (Doc. 24, p. 5). Thus, petitioner contends the statute is "overly broad to the point of being unconstitutional" (Doc. 24, p. 6). The Court finds petitioner's argument frivolous and wholly without merit.

"Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Turley v. Gaetz,* 625 F.3d 1005, 1008 (7th Cir. 2010) (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189. 194 (1985)). It is well-settled that courts must always read statutory language in its "proper context." *Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 694 (7th Cir. 2011) (citing *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991)). Thus, "[w]hen interpreting statutory language, the meaning attributed to a phrase 'depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.'" *River Road Hotel*

*Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 649 (7th Cir. 2011) (citing *Kasten v. Saint-Gobain Performance Plastics Corp.,* 131 S. Ct. 1325, 1330 (2011)). Further, "[c]ourts are bound to construe a statute to avoid absurd results." *Bailey v. City of Lawrence*, *Ind.,*972 F.2d 1447, 1452 (7th Cir. 1992).

The ordinary meaning of the language Congress employed clearly demonstrates subparts (i) and (ii) are linked to the entirety of Section 924(e)(2)(B). The use of "or" plainly defines "violent felony" as"any crime punishable by imprisonment for a term exceeding one year, *or* any act of juvenile delinquency . . .that" also satisfies (i) or (ii). 18 U.S.C. § 924(e)(2)(b)(i) and (ii) (emphasis added). Thus, when read in its "proper context," the statute's intent is clearly not to define "violent felony" solely as "any crime punishable by imprisonment for a term exceeding one year," as this would include numerous felonies that are not in fact violent. *See Wells Fargo Bank,* 658 F.3d at 684. Moreover, as precedent interpreting the statute also inform this Court's interpretation, it is relevant that of all the Supreme Court cases construing Section 924(e)(2)(B), such as *Begay* and *Sykes* cited herein, none interpret the statute similarly to petitioner.*SeeRiver Road Hotel Partners,* 651 F.3d at 649. Accordingly, petitioner's argument is without merit. Thus, the Court adopts the R&R's finding.

## Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 19) over petitioner's objections (Doc. 24). Thus, petitioner's § 2241

habeas petition (Doc. 10) is **DENIED**. Accordingly, petitioner's claim is hereby

**DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 22nd day of November, 2011.

David R. Herndon
2011.11.22
17:50:42 -06'00'

**Chief Judge**
**United States District Court**